IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT BIGGS, <br><br> Defendant. | ORDER <br><br> AND <br><br> MEMORANDUM DECISION <br><br><br> Case No. 2:05-CR-880 TC |

Defendant Robert Biggs moves the court to suppress evidence seized pursuant to an August 25, 2005 search warrant. Mr. Biggs contends that the government obtained the warrant without probable cause because the affidavit in support of the warrant contains false statements. He requests an evidentiary hearing on this issue.

Under Franks v. Delaware, 438 U.S. 154 (1978), a defendant can attack the validity of a search warrant by alleging that it contains false or materially misleading statements. Under Franks, a hearing on the veracity of an affidavit supporting a warrant is required if the defendant makes a substantial showing that the affidavit contains intentional or reckless false statements and if the affidavit, purged of its falsities, would not be sufficient to support a finding of probable cause. Franks, 438 U.S. at 155–56; see also United States v. Kennedy, 131 F.3d 1371, 1376 (10th Cir. 1997); Stewart v. Donges, 915 F.2d 572, 581–82 (10th Cir. 1990). If the defendant establishes at the hearing by a preponderance of the evidence that the false statement was included by the affiant "knowingly and intentionally, or with reckless disregard for the truth,"

and the false statement was "necessary to the finding of probable cause," then the search warrant must be voided and the fruits of the search excluded. Franks, 438 U.S. at 155–56; see also Kennedy, 131 F.3d at 1376; Stewart, 915 F.2d at 581. The Tenth Circuit has extended the Franks analysis to "material omissions" as well as material falsehoods. See Stewart, 915 F.2d at 582; United States v. McKissick, 204 F.3d 1282, 1297 (10th Cir. 2000).

But Franks requires more than mere allegations of the invalidity of an affidavit supporting a search warrant before an evidentiary hearing is granted. In order for a defendant to be granted an evidentiary hearing, he must first make a "substantial preliminary showing" of a deliberate or reckless omission. United States v. Owens, 882 F.2d 1493, 1498 (10th Cir. 1989), citing Franks, 438 U.S. at 170. "There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. . . . _Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained._" Franks, 438 U.S. at 171 (emphasis added).

The Defendant has offered no proof of his allegation that the affidavit supporting the search warrant in his case was tainted by material omissions or false statements. Accordingly, the Defendant will have 20 days from the date of this order to make a "substantial preliminary showing" of false statements or deliberate or reckless omissions by filing a supplemental memorandum and affidavits or sworn or otherwise reliable statements of witnesses (or a satisfactory explanation of their absence) in support of his Motion to Suppress. The government will have 10 days after the receipt of the Defendant's memorandum to file its memorandum in opposition. The court will then decide based on the filings whether or not the threshold showing

for a <u>Franks</u> evidentiary hearing has been met.

    IT IS SO ORDERED this 6th day of June, 2006.

                                          BY THE COURT:

                                          */s/ Tena Campbell*

                                          TENA CAMPBELL
                                          United States District Judge